14702

MOORE v. MOORE

(197 S. E., 507)

Mr. *Barnard B. Evans,* for appellant,

Messrs. *N. A. Theodore* and *W. M. Easterling,* for respondent,

June 6, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant applied by petition, under date of August 4, 1937, to the Judge of the County Court of Richland County for a writ of ejectment against his wife Mabel A. Moore, the respondent, to dispossess her of the premises described in the petition. Judge Holman, under date of August 6, 1937, issued his order requiring the respondent to show cause before him at the Richland County courthouse, in the county courtroom at 10 o'clock a. m., of August 18th, 1937, why the petitioner should not be granted the relief for which he prayed. At the time appointed, the respondent did not appear; the Court took the testimony of the petitioner, and ordered that the writ of ejectment do issue; it was issued, directing sheriff to eject respondent from the premises. Later on the same day, the respondent appeared with counsel and asked that the execution of the writ be suspended, and she be given leave to file a petition in the premises. The Court ordered that the writ be suspended "until defendant may move to vacate said order, and that a copy of the order be served on B. B. Evans, Esq., the attorney for the original petitioner; that the defendant be granted one day to serve notice of her motion, failing which this order is vacated." Defendant filed her motion within the time prescribed. Upon consideration of the motion, Judge Holman ordered that the writ heretofore issued by him be suspended in its operation, with leave to respondent to proceed as she may be advised in the premises, within five days. The respondent made, and

served on the attorney for appellant, her return and answer to the petition, to which the petitioner demurred.

·Appellant's petition for a writ of ejectment alleged that petitioner is a freeholder and owner of real estate in the City of Columbia, South Carolina, situate at 26 South Marion Street; that he was legally married to Mabel A. Moore in 1917; that they have four children who reside "at the home provided for them for your petitioner at the place herein named." That the wife and mother has proved unfaithful; that "he found his wife at a tryst in company with another man; that he ordered her to leave his house and never return, which she did for a period of four months, but has now returned and refuses to leave after being ordered to do so"; that because of her desertion and unfaithfulness, he procured a divorce from her, which was granted on July 19, 1937, and is now recorded in the office of the Clerk of the Court for Richland County; that respondent "is now at his house practising her infidelities, and is not a proper person to rear a young girl of tender years, and refuses to vacate his house and threatens to destroy his property."

For answer and return, the respondent alleges, for a first defense, that the allegations of Paragraph 2 of the petition are correct, "except the last two lines therein." That the conduct of the petitioner for a number of years has been so abusive that his wife and children have found it unbearable to live with him; that he deserted his wife without just cause or excuse, "and has for the past several years refused to support your respondent and give her the necessities of life." That she was never served with any process of any Court notifying her of any legal action by petitioner for a divorce, and your respondent has never signed any instrument giving the Courts of any State jurisdiction of her person to grant a divorce to herself or the petitioner; that said Charles H. Moore has always been, and continuously so, a resident of South Carolina and if any other State or jurisdiction has granted him a divorce, it was secured fraudulently and illegally and is not binding on his wife and children. That she

has always been a dutiful and faithful wife, and at no time has she neglected her marital duties; that on the contrary the petitioner has been an unfaithful husband and has neglected his wife and children.

For a second defense, she interposes a plea by way of counterclaim, being a plea for an order of separation, for alimony, and attorney's fees, and the custody of the children.

The demurrer of the petitioner to the answer and return alleged, "That the said writ is a summary proceeding and not subject to collateral impeachment, or vacated by Judge after judgment and execution." That respondent having been given, and having ignored, an opportunity to make return, she is now barred from further consideration.

The Court overruled the demurrer of the petitioner and held that respondent was entitled to her day in Court, and the case was set for hearing on the 15th day of October, 1937. At that time the attorneys for the respondent demurred orally to the whole proceeding on the ground that the Court has no jurisdiction of the matter; that the remedy was by action with summons under Sections 352 and 427, Code 1932.

The Court proceeded to take the testimony in the case, covering 89 printed pages of the Transcript of Record. After argument, he made his order, from which this appeal is taken.

Among other things, the order states:

"There have been many technicalities in this matter, but the Court feels that this is the case where all should be thrown aside and the true facts looked squarely into, and such judgment given as would be the clear reflection of justice in the Nth degree."

We have been careful to thus state in detail all the matters and things appearing in the record, except the testimony and the Court's final order.

This brings us to the consideration of the crucial question in the case, made by the demurrer of the respondent to the jurisdiction of the Court; has the County Court of Richland

County the authority to issue the writ of ejectment issued by it in this case?

This proceeding is brought under Section 894 of the Code of 1932, the pertinent part of which is as follows:

"Duty of magistrate in cases of trespasses—Proviso.—If any person shall have gone into or shall hereafter go into possession of any lands or tenements of another without his consent or without warrant of law, it shall be lawful for the owner of the land so trespassed upon to apply to any magistrate to serve a notice on such trespasser to quit the premises, and if, after the expiration of five days from the personal service of such notice, such trespasser refuses or neglects to quit, it shall then be the duty of such magistrate to issue his warrant to any sheriff or constable, requiring him forthwith to eject such trespasser, using such force as may be necessary  *  *  * ."

We have found in the statutes of this State no other authority or method for the summary ejectment of a trespasser, nor has any been cited to us. It is not denied that one seeking to dispossess another may proceed by an action at law begun by the service of a summons, as provided by the Code.

The Act of 1917, which established the County Court for Richland County, is embodied in Vol. I of the Code of Civil Procedure, 1932, at page 70, and is included in Sections 164 to 181, inclusive. The jurisdiction of such Court is thus defined by Section 165:

"The said County Court shall have concurrent jurisdiction with the Court of Common Pleas in all civil cases and special proceedings, both at law and in equity, where the amount demanded in the complaint does not exceed Three Thousand ($3,000.00) Dollars, or when the value of the property involved does not exceed Three Thousand ($3,000.00) Dollars, and in all other civil cases and special proceedings, both at law and in equity, in which there is no money demand, or in which the right involved cannot be monetarily measured. That the said Court shall have concurrent jurisdiction with

the Circuit Court to hear and determine all appeals in civil cases from judgments rendered by magistrates' Courts; and the proceedings on such appeal shall be the same as is now provided for appeal from said last named Courts to the Courts of Common Pleas and General Sessions."

It is plain that the County Court has no concurrent jurisdiction with magistrates, but, on the contrary, is an appellate Court to which appeals from magistrate's Courts may be taken.

Section 896 of the Code gives to either party proceeding under Section 894 the right of appeal. It is patent that the County Court of Richland County was not given concurrent jurisdiction with magistrates under Section 894.

It is urged that the respondent, by appearing and pleading to the petition and defending the case on its merits, has waived the question of jurisdiction. That position would be well taken if this were a proceeding or case in which the question of jurisdiction pertained to the person of the pleader is involved. For instance, if there was a lack of service of summons in an action, or a defect in the manner of making the service, but, nevertheless, the defendant answered the complaint and defended the case on its merits, he would be held to have waived the jurisdictional question. But that is not the rule when the question of waiver relates to the subject-matter of the controversy. No action of the litigants can give jurisdiction of the subject-matter which is not conferred on the Court by law.

Clearly, the County Court of Richland County was without authority to issue the rule to show cause and the writ of ejectment in this case, and that all of its proceedings thereunder are of no force and effect.

Accordingly, the petition therefor is dismissed and the rule and writ are set aside.

This ruling of this Court is not to be construed to debar the petitioner from proceeding under such other remedy as he may be advised.

150

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.

MR. JUSTICE CARTER did not participate on account of illness.